IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FLORZELL THOMAS, JR.,

    Petitioner,                      No. CIV S-06-0939 LKK DAD P

    vs.

THE ATTORNEY GENERAL OF
THE STATE OF CALIFORNIA,        ORDER AND

    Respondent.                FINDINGS AND RECOMMENDATIONS
_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

        Petitioner is informed that an application to proceed in forma pauperis in a federal habeas proceeding must make the showing required by 28 U.S.C. § 1915 and must include a certificate from a prison official showing the amount of money the prisoner has in his prison trust account. See Rule 3(a), Fed. R. Governing § 2254 Cases in the U.S. Dist. Courts. Petitioner's in forma pauperis application does not make the requiring showing and does not include a prison official's certificate of funds. The application will be denied.

        Petitioner is also informed that "[a] petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (citing Rule 2(a), Fed. R. Governing

1

1 § 2254 Cases in the U.S. Dist. Courts). A petition that does not name the proper respondent must
2 be dismissed. See Stanley, 21 F.3d at 360. In this case, petitioner has named the Attorney
3 General of the State of California as respondent. The appropriate respondent is the warden of the
4 institution in which petitioner is confined.

5 Petitioner is confined in the Richard J. Donovan Correctional Facility in San
6 Diego, which is located within the jurisdiction of the United States District Court for the
7 Southern District of California. In his habeas petition, petitioner states that he is attacking a
8 judgment of conviction entered on August 26, 1975, but he does not identify the court that
9 entered the 1975 judgment. On May 24, 2006, petitioner filed a document that includes an
10 abstract of judgment showing that petitioner was convicted of second degree murder in San
11 Diego County Superior Court on August 26, 1975. However, the court is unable to determine
12 whether petitioner is in fact challenging the 1975 judgment. Attached to petitioner's form
13 petition is a handwritten document with a caption identifying respondents as "Los Angeles
14 County Board of Supervisors, Judges, Referees, Commissioners of the Los Angeles County
15 Superior Court, Department #100." Petitioner's May 24, 2006 filing includes an abstract of
16 judgment showing that petitioner was convicted of drug offenses in Los Angeles County
17 Superior Court on June 14, 2002.

18 Petitioner is not confined in the Eastern District of California and is not
19 challenging a judgment entered in this district. This Court therefore lacks jurisdiction over the
20 petition. If petitioner seeks to challenge his 1975 San Diego County conviction, he should file a
21 petition in the United States District Court for the Southern District of California. If petitioner
22 seeks to challenge his 2002 Los Angeles County conviction, he should file a petition in the
23 United States District Court for the Central District of California.
24 /////
25 /////
26 /////

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's incomplete application to proceed in forma pauperis filed May 1, 2006, is denied;

2. The Clerk of the Court shall serve a copy of this order and findings and recommendations, together with a copy of the habeas petition filed May 1, 2006, upon the Attorney General of the State of California; and

IT IS RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed without prejudice for lack of jurisdiction.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court. A document containing objections should be titled "Objections to Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 30, 2006.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
thom0939.156